GR.een, J.
delivered the opinion of the court.
In this case the petitioner for a certiorari states that the petitioner had purchased of Davis one-fourth of the tract of land of which Davis’s father died seized, and gave his note for $30, taking Davis’s covenant to transfer said land to him. Before the said note was given, it was discovered that the father of Davis had made a will which has since been proved, whereby he has devised the land to others. On the same day the note was executed suit was brought upon it and judgment obtained. Petitioner had it not in his power at the time the judgment was obtained to give security for the appeal — thinks that he could have settled it but for the interference of others, and did not know at that time of the probate of the will. The certiorari was dismissed by the circuit court, and the petitioner appealed to this court. We think there is not sufficient reason given for not appealing. If the petitioner was not prepared with security the day the judgment was rendered, he might, for aught that appears, have given it afterwards. The statute allows two days within which to take an appeal. The fact that others interfered to prevent a settlement constitutes no reason for not appealing, nor does the fact that he did not know of the probate of the will. He knew of the existence of the will and bought the land upon a speculation, relying on Davis’s covenant for his indemnity. In fact the statement of these grounds for not appealing shows that the first ground stated, that he could not give security, is a mere pretence. He manifestly did not wish to appeal. If he had desired to do so, there was nothing to prevent it. Let the judgment be affirmed.